# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 49728/49739

| | |
|---|---|
| STATE OF IDAHO,<br><br>    Plaintiff-Respondent,<br><br>v.<br><br>SCOTT ALLEN KUYKENDALL,<br><br>    Defendant-Appellant. | Filed: March 3, 2023<br><br>Melanie Gagnepain, Clerk<br><br>THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |

Appeal from the District Court of the First Judicial District, State of Idaho, Shoshone and Benewah Counties. Hon. Barbara Duggan, District Judge.

Judgments of conviction and concurrent, unified sentences of four years with one year determinate for possession of methamphetamine, <u>affirmed</u>; order denying Idaho Criminal Rule 35 motion for reduction of sentence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Judge; HUSKEY, Judge;
and BRAILSFORD, Judge

---

PER CURIAM

In each of these cases, consolidated on appeal, Scott Allen Kuykendall pled guilty to possession of methamphetamine, Idaho Code § 37-2732(c)(1). In exchange for his guilty pleas, additional charges were dismissed. The district court imposed concurrent, unified sentences of four years with one year determinate. Kuykendall filed Idaho Criminal Rule 35 motions in each case but withdrew the motion in Docket No. 49739. The district court denied the Rule 35 motion in Docket No. 49728. Kuykendall appeals.

Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).  Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court.  *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).  Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Kuykendall's Rule 35 motion.  A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court.  *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989).  In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion.  *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007).  Upon review of the record, including any new information submitted with Kuykendall's Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, Kuykendall's judgments of conviction and sentences, and the district court's order denying Kuykendall's Rule 35 motion, are affirmed.